WONG, J.
I dissent.
The question presented in this appeal is whether or not the Legislature in enacting Code of Civil Procedure section 1174 intended to affect the exempt properties provisions of Code of Civil Procedure section 690 and following. It has not done so expressly, and I am of the opinion that it did not intend to do so by implication.
The last paragraph of section 1174 contains the following language: “All money realized from the sale of such personal property shall be used to pay the costs of the plaintiff in storing and selling such property, and any balance thereof shall be applied in payment of plaintiff’s judgment, including costs.”
If section 1174 is construed to cover property exempt by section 690 et seq., then such property can be sold to satisfy the plaintiff’s judgment, including costs. To permit exempt property to be used to satisfy a judgment would be contrary to long established public policy. As early as 1905, our Supreme Court stated: “Statutes exempting property from execution are enacted on the ground of public policy for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence. The general rule now is to construe such statutes liberally, so as to carry out the intention of the legislature, and the humane purpose, designated by the lawmakers.” (Holmes v. Marshall (1905) 145 Cal. 777, 778-779 [79 P. 534].)
In Los Angeles Finance Co. v. Flores (1952) 110 Cal.App.2d Supp. 850, 854 [243 P.2d 139], our court stated: “It follows logically that this *Supp. 6 samé policy requires a strict construction of any provisions which tend to limit the exemptions elsewhere in the statute extended to the debtor. In 25 Corpus Juris 10 (par. 8), the rule is thus stated: ‘conversely to the rule of liberal construction of the grant of an exemption, provisions which limit or take away the exemption are strictly construed, whether in provisos and exceptions or in amending statutes.’ ”
I would reverse the judgment.